The opinion of the court was delivered by
McEnery, J.
The accused was indicted for the crime of murder, ■and convicted without capital punishment.
There are several defences urged, but only one is relied upon by the accused. The others are without merit, which we presume is ■the reason they are not mentioned or referred to in the brief of the *938 counsel for the accused. As stated in their brief, the case comes up on one bill of exception. There is variance in the statement of the facts by the counsel and the trial judge. Following the invariable rule, we accept the statement of the latter. It is as follows: “ The witness, Robert McNally, a witness for the State, who said on examination in chief that he was acting as constable at the fair given at the house of the father of the prisoner, swore that he advised the deceased and Gilmore, who were entering the yard, not to come in.
‘ ‘ The District Attorney then asked the witness why he advised this. He replied there was a fuss the day before, which he saw. The District Attorney then said never mind about that fuss. Defendant’s attorney contended that all the circumstances of the fuss should be detailed. The District Attorney objected. The court ruled that the District Attorney could not be forced to ask the question that would bring out the details of the fuss; that the defendant had his right on cross-examination.
“On cross-examination defendant’s attorney asked the witness to detail the circumstances of the fuss, which he had said he saw the day before. The witness answered ‘ that the fuss was with the young man, the prisoner’s brother.’
“The District Attorney objected to the question, and contended that the foundation for the introduction of previous difficulties had not been made. Defendant contended that the foundation had been made. He contended that it was in proof that the deceased had come into the yard of the house occupied by the prisoner at night and, although halted by the accused, was advancing toward the house with a pair of brass knuckles, which were afterward found in his hand when he was shot.
“ The court ruled that without binding the court and without deciding whether or not the foundation for the introduction of the evidence of previous acts of violence by the deceased toward the prisoner was made, that the evidence as given by the witnesses in answer to the question was not admissible, because it showed a difficulty, not with the prisoner, but with another person.”
In order to mitigate, to excuse the homicide on the ground of self-defence on passion, the prior conduct, threats or other utterances of the deceased party in the special instance may be given in evidence, not simply to show that the deceased was bad, but, in the particular *939 case, he was dangerous; and it so appeared to the accused. But what was unknown to the defendant can not thus be shown, because he could not have acted upon it.
In the instant case the course of the examination necessarily led to the mental condition of the defendant which prompted the homicide. What he knew was therefore only relevant. What he did not know could not have influenced his mind. Bishop on Orim. Pro., Vol. 2, pars. 610, 611, 613, 619, 620.
It does not appear from the record that any foundation was laid for the introduction of evidence as to the prior acts, conduct or threats of the deceased against the defendant. There are no facts brought up in the bill of exception to show that the deceased made threats against the defendant, which were communicated to him, and that he attacked the defendant or committed any overt act to carry out the threats so communicated. The “fuss” referred to by the witness McNally was not with the accused, but a third party, and is not a part of the res gestae, and is therefore not admissible upon the trial.
Judgment affirmed.